UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIPIN SEHGAL,

                        Plaintiff,

-against-

BENARES FINE CUISINE INC.,

                        Defendant.

23-CV-2744 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is the parties' proposed Settlement Agreement. ECF No. 26. For the reasons stated herein, the Court DENIES approval of the settlement without prejudice to renew.

## BACKGROUND

On March 31, 2023, Plaintiff Vipin Sehgal ("Plaintiff" or "Sehgal") initiated this action against Defendant Benares Fine Cuisine, Inc. ("Defendant" or "Benares"), seeking relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and Article 6 of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). ECF No. 1 ("Compl.") ¶¶ 1–2. Plaintiff's complaint alleges that he was employed by Defendant from approximately November 2020 to November 2022 as a manual restaurant worker, performing physical tasks including cooking, serving, preparing food, and cleaning. Compl. ¶¶ 13–14. Plaintiff further alleges that Defendant failed to pay his overtime and spread-of-hours compensation and neglected to provide him with wage notices and wage statements. *Id.* ¶¶ 3, 17, 21. He seeks unpaid overtime wages, liquidated damages, attorney's fees and costs. *Id.* ¶ 41.

After the case was filed, the Court ordered the parties to participate in mediation as part of a pilot program for cases involving claims brought under the FLSA. ECF No. 11. On August 23, 2023, the Court was informed that the parties reached a resolution in mediation. ECF No. 20.

DRAFT

The parties then filed their proposed Settlement Agreement and a letter supporting its approval. ECF No. 26.

Under the parties' proposed settlement, Defendant will pay a total of $47,000. Settlement Agreement ¶ 3.1. One-third of the $47,000 will be retained by Plaintiff's counsel as attorneys' fees, totaling $15,666.66. *Id*. at 3–4. The proposed Settlement Agreement also includes a release of claims by Plaintiff, a non-disparagement provision and a confidentiality and non-disclosure provision. *Id*. ¶¶ 4-5, 7-8.

## DISCUSSION

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F.Supp.3d 582, 584 (S.D.N.Y. 2015). In order to determine whether an agreement is sufficiently "fair and reasonable" under the FLSA, the Court must:

> consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 355 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).

If the settlement agreement includes a provision for attorneys' fees, the Court must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel

2

DRAFT

must submit evidence providing a factual basis for the [attorneys' fees] award." *Wolinsky*, 900 F. Supp. 2d at 336.

The Court also must closely scrutinize any release, confidentiality or non-disparagement provisions included in a proposed settlement. *See, e.g., Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019); *Illescas v. Four Green Fields LLC*, No. 20-CV-9426 (RA), 2021 WL 1254252, at *1–2 (S.D.N.Y. Apr. 5, 2021); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799 (AJN), 2018 WL 3418776, at *3–4 (S.D.N.Y. July 12, 2018).

The Court cannot approve the settlement at this time. As an initial matter, the parties failed to provide sufficient information for the Court to ascertain whether the damages to Plaintiff are reasonable. The parties' submission includes no information on the range of possible recovery for Plaintiff or an explanation of why this amount to Plaintiff is reasonable.

Additionally, the release provision is overbroad. In it, Plaintiff agrees to:

> release and discharge Benares Fine Cuisine and each of its officers, directors, employees and agents, parent companies, subsidiaries, affiliates, predecessors, and successors, heirs and assigns, insurers and each of their respective past and present trustees, oversees, officers, directors, managers, members, employees and agents, and each of their respective predecessors, successors, heirs and assigns (including, but not limited to, Benares Fine Cuisine Inc., (collectively, the "Released Parties"), from any and all actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, extents, executions, claims and demands whatsoever in law, or in equity, related to or arising out of Sehgal's employment by Benares Fine Cuisine under any common law, federal, state or local laws, rules or regulations, known or unknown, from the beginning of time to the date hereof, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Genetic Information Non-Discrimination Act, the Pregnancy Discrimination Act, the Immigration Reform and Control Act, the Employee Retirement Income Security Act of 1974, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family and Medical Leave Act, the National

DRAFT

> Labor Relations Act, the Worker Adjustment Retraining and Notification Act, all as amended; the New York State and New York Civil Rights Law; the New York City Administrative Code; the Fair Labor Standards Act, the New York Labor Law, the New York Wage Theft Prevention Act, the New York Minimum Wage Act and the New York Minimum Wage Orders, all as amended.

ECF No. 26-1 § 4.1. This release is not reasonable for several reasons.

First, the release improperly extends to "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The release of claims unrelated to those at issue in this action is not reasonable. *See Carranza v. VBFS, Inc.*, No. 20-CV-2635 (PAE), 2022 WL 2763371, at *2 (S.D.N.Y. June 15, 2022) ("Because the general release here pertains to . . . claims well outside the scope of this action, and because it shields defendants and their successor entities from any future action, the Court finds it unreasonable."); *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) ("Consistent with the case authority in this area, the Court will not approve a release provision that extends beyond the claims at issue in this action.") (internal quotation marks, alterations, and citation omitted); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701 at *2 (S.D.N.Y. Dec. 15, 2015) (rejecting release that required the plaintiff to "waive essentially all claims that may have arisen out of his employment with Defendants" and holding that "any release provision must be limited to the claims at issue in the action").

Second, the sweeping definition of "Released Parties" would have the "effect of releasing any wage and hour claims that plaintiff had against a wide range of unidentified individuals and business only tenuously affiliated with defendant" Benares. *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19-CV-8486 (PGG) (BCM), 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). "To pass muster under *Cheeks*, the release must be limited to include only . . . the

4

DRAFT

corporate defendants' predecessors and successors, and any other person or entity that plaintiffs claim, or may claim, to have been their employer for purposes of their work at" Benares. *Miglis v. Bed Bath & Beyond, Inc.*, No. 16-CV-08160 (PAE), 2019 WL 10890146, at *2 (S.D.N.Y. Mar. 26, 2019) (internal citation and quotation marks omitted).

Third, the release is improperly one-sided. "Judicial disfavor of broad releases is especially pronounced . . . where 'the releases were not mutual and protected only the defendants.'" *Weng v. T&W Rest., Inc.*, No. 15-CV-8167 (PAE) (BCM), 2016 WL 3566849, at *5 (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)). Judges in this District have approved general releases in the context of FLSA settlements but only where the releases were mutual, alleviating concern that the waiver unfairly benefitted only the defendant. *Lim-Tom*, 2021 WL 536114, at *2–3 (collecting cases). Here, there is no release running from Defendant to Plaintiff to assuage such concerns. "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers," such a release is impermissible. *Nights of Cabiria*, 96 F. Supp. 3d at 181; *see also Cheeks*, 796 F.3d at 206 (citing the overbroad release in *Nights of Cabiria* as an example of the "potential for abuse" in FLSA settlements).

## CONCLUSION

For the foregoing reasons, the Court denies approval of the proposed Settlement Agreement at this time. The parties may:

(1) File a revised Settlement Agreement by **December 27, 2023** modifying paragraph 4.1 to be consistent with the Order and submitting a letter explaining the reasonableness of the monetary damages to Plaintiff in this case; or

5

DRAFT

(2) Submit a joint letter by **December 27, 2023** indicating their intention to abandon settlement and continue litigating this matter.

Dated: December 11, 2023
      New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge